**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD JUNIOUS HILL, Sr., | No. 18-35610 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00090-DLC |
| v. | |
| KOHUT, Doctor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted February 19, 2019[**]

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Richard Junious Hill, Sr., a Montana state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (dismissal under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We affirm.

The district court properly dismissed Hill's excessive force claim because Hill failed to allege facts sufficient to show that any defendant used excessive force against him. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (the core judicial inquiry in analyzing such claims is not whether a certain quantum of injury was sustained, but rather whether the force was applied maliciously and sadistically to cause harm).

The district court properly dismissed Hill's deliberate indifference claims concerning his fall from an upper bunk and subsequent medical care because Hill failed to allege facts sufficient to state a plausible claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (elements of a deliberate indifference claim).

The district court properly dismissed Hill's equal protection claim because Hill failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (a complaint must contain more than a "formulaic recitation of the elements of a constitutional discrimination claim" in order to state a claim (citation and internal quotation marks omitted)); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (setting forth elements of an equal protection "class of one" claim).

We do not consider matters not specifically and distinctly raised and argued

2

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**